IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BELLA M. SARMIENTO and DERRICK A. SARMIENTO, <br><br> Plaintiffs, <br><br> vs. <br><br> THE BANK OF NEW YORK MELLON, a New York Corporation, AS TRUSTEE FOR THE HOLDERS OF SAMI II 2006-AR6, MORTGAGE PASS THROUGH CERTIFICATES SERIES 2006-AR6; BANK OF AMERICA; COUNTRYWIDE HOME LOANS, INC.; and DOES 1 through 20 inclusive, <br><br> Defendants. | CIVIL NO. 10-00349 JMS/BMK <br><br> ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

### I. INTRODUCTION

On June 21, 2010, Plaintiffs Bella M. Sarmiento and Derrick A. Sarmiento ("Plaintiffs") filed this action alleging claims against Defendants Bank of New York Mellon, as Trustee for Holders of SAMI II 2006-AR6, Mortgage Pass Through Certificates Series 2006-AR6 ("BONY"), Countrywide Home Loans, Inc. ("Countrywide"), and Bank of America ("BOA") (collectively, "Defendants") for violations of the Truth in Lending Act ("TILA"), 15 U.S.C.

§ 1601 *et seq.*, the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2601, *et seq.*, and various state law claims stemming from a mortgage transaction concerning real property located at 786 Mahealani Place, Kihei, Hawaii 96753 (the "subject property").

Currently before the court is Defendants' Motion to Dismiss the First Amended Complaint ("FAC"), in which they argue that the FAC fails to state a cognizable claim. Based on the following, the court GRANTS Defendants' Motion to Dismiss.

## II. BACKGROUND

### A. Factual Background

As alleged in the FAC, on July 11, 2006, Plaintiffs entered into a mortgage loan transaction with Countrywide regarding the subject property. FAC ¶¶ 18; Defs.' Ex. B.[1] The FAC alleges that Defendants committed various misdeeds during consummation of this loan, including, among other things: (1) telling Plaintiffs that the mortgage would be a fixed rate mortgage even though it was an adjustable rate mortgage, *id.* ¶ 19; (2) failing to disclose the financial

---

[1] Pursuant to Federal Rule of Evidence 201, the court takes judicial notice of Defendants' Exhibit B, which is the mortgage between Plaintiffs and Countrywide and a public document. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (providing that a court may "take judicial notice of matters of public record outside the pleadings and consider them for purposes of a motion to dismiss") (quotations omitted).

terms of the mortgage, *id.* ¶ 20; (3) increasing Plaintiffs' stated income without Plaintiffs' consent so that they would qualify for the loan, *id.* ¶¶ 21, 23; (4) ignoring their responsibility to make sure Plaintiffs could repay the loan, *id.* ¶ 22; and (5) failing to explain loan documents or provide signed copies of documents to Plaintiffs. *Id.* ¶¶ 26, 29, 31.

**B.     Procedural Background**

On June 21, 2010 Plaintiffs filed this action. Plaintiffs' FAC alleges claims titled (1) Truth in Lending Act Violations: Loan Damages (Count I); (2) Real Estate Settlement Procedures Act "RESPA" Violations (Count II); (3) Unfair or Deceptive Trade Practices (Count III); (4) Fraud (Count IV); (5) Civil Conspiracy (Count V); (6) Aiding and Abetting (Count VI); (7) Injunctive Relief - Lack of Standing (Count VII); (8) Improper Restrictions Resulting from Securitization Leaves Note and Mortgage Unenforceable (Count VIII); (9) Wrongful Conversion of Note -- Mortgagor Never Consented to Securitization (Count IX); and (10) Fraudulent Concealment -- Tolling of Statute (Count X).

On December 17, 2010, Defendants filed their Motion to Dismiss. On February 14, 2011, Plaintiff filed an Opposition, and Defendants filed a Reply on

February 18, 2011.[2]

### III. STANDARDS OF REVIEW

**A. Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader

---

[2] Pursuant to the parties' request and Local Rule 7.2(d), the court determines Defendants' Motion to Dismiss without a hearing.

is entitled to relief.  *Id.* at 1950.

**B.	Federal Rule of Civil Procedure 9(b)**

Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  "Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud."  *In re GlenFed, Inc. Sec. Litig.,* 42 F.3d 1541, 1547-48 (9th Cir. 1994) (en banc) (emphasis in original), *superseded on other grounds by* 15 U.S.C. § 78u-4.

In their pleadings, Plaintiffs must include the time, place, and nature of the alleged fraud; "mere conclusory allegations of fraud are insufficient" to satisfy this requirement.  *Id*. (citation and quotation signals omitted).  Where there are multiple defendants, Plaintiffs cannot "lump multiple defendants together" and instead must "differentiate their allegations [between defendants]."  *Destfino v. Kennedy*, 630 F.3d 952, 958 (9th Cir. 2011) (citation omitted).  However, "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally."  Fed. R. Civ. P. 9(b); *see also In re GlenFed, Inc. Sec. Litig*, 42 F.3d at 1547 ("We conclude that plaintiffs may aver scienter . . . simply by saying that scienter existed."); *Walling v. Beverly Enter.*, 476 F.2d 393, 397 (9th Cir. 1973) (Rule 9(b) "only requires the identification of the circumstances constituting

fraud so that the defendant can prepare an adequate answer from the allegations." (citations omitted)).

A motion to dismiss for failure to plead with particularity is the functional equivalent of a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). In considering a motion to dismiss, the court is not deciding the issue of "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800 (1982).

## IV. **DISCUSSION**

Defendants originally sought dismissal of all ten Counts of the FAC for failure to state a claim upon which relief can be granted. In their Opposition, Plaintiffs concede that Counts I, II, VII, and X should be dismissed without leave to amend, *see* Pls.' Opp'n at 6, but opposes dismissal of the other Counts.[3] The court therefore GRANTS Defendants' Motion as to Counts I, II, VII, and X and dismisses those claims with prejudice. The following addresses Defendants' arguments as they are relevant to all claims and/or Counts III-VI, VIII, and IX.

---

[3] Plaintiffs also generally argue that Defendants' Motion to Dismiss is improper because the parties are engaged in loan modification discussions. Contrary to Plaintiffs' argument, the parties' participation in the court's triage process and/or settlement discussions does not affect Defendants' Motion to Dismiss.

A.      **Pleading Defects as to BOA**

Defendants assert that Defendant "Bank of America" as provided in the FAC is not a legal entity and therefore cannot be sued. Defs.' Mot. at 5. Defendants further argue that to the extent Plaintiffs listed BOA as a Defendant on the basis that they believe BOA is the parent company of Countrywide, a mere parent/subsidiary relationship is insufficient to create liability. *Id.*

The court agrees with each of Defendants' arguments -- where a named defendant is not a legal entity, it is incapable of being sued, *see Stewart v. M.M. & P. Pension Plan*, 608 F.2d 776, 781 (9th Cir. 1979), and courts have dismissed claims against BOA where BOA was named solely because of allegations that it was the parent company of Countrywide. *See, e.g.*, *Jones v. Countrywide Home Loans, Inc.*, 2010 WL 551418, at *3 (N.D. Ill. Feb. 11, 2010) ("As a general rule, a parent company and its subsidiary are 'two separate entities and the acts of one cannot be attributed to the other.'") (quoting *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 944 (7th Cir. 2000)). Further, the FAC fails to outline facts that would shed any light on why Plaintiffs included "Bank of America" as a Defendant, and Plaintiffs have ignored this argument in their Opposition.

Accordingly, the court GRANTS Defendants' Motion to Dismiss as to

all claims against BOA, but to the extent Plaintiffs are granted leave to file a second amended complaint on any claims (as explained below), Plaintiffs may attempt to cure this pleading deficiency as to BOA for those claims.

**B.      Count III:  Unfair or Deceptive Trade Practices**

In support of Count III, the FAC asserts that Defendants violated § 480-2 by engaging in various acts that were "immoral, unethical, oppressive, [and] unscrupulous," as well as "likely to mislead consumers acting reasonably under the circumstances." FAC ¶¶ 59-60. Specifically, paragraph 56 of the FAC asserts that Defendants violated HRS § 480-2 by:

> 1.  Targeting financially unsophisticated and otherwise vulnerable consumers for inappropriate credit products.
>
> 2.  Failing to adequately disclose the true costs and risks of the subject loan and its inappropriateness for SARMIENTO.
>
> 3.  Making a refinance loan that resulted in little net economic benefit to SARMIENTO with the primary objective of generating fees.
>
> 4.  Making the loan based on the value of the collateral, without regard to SARMIENTO's ability to repay the loan.
>
> 5.  Failing to provide SARMIENTO with a timely Good Faith Estimate 'GFE.'
>
> 6.  Making inconsistent representations regarding the monthly payment amount in the loan.

8

Defendants argue, among other things, that Plaintiffs' allegations in support of this claim are insufficient to state a plausible claim because any allegations of fraudulent conduct do not meet the particularity requirements of Rule 9(b).[4] The court agrees.

Rule 9(b)'s particularity requirement applies to state law causes of action. Accordingly, where a Ch. 480 claim is based on fraudulent acts, a plaintiff must plead such claim with particularity. *See Smallwood v. NCsoft Corp.*, 730 F. Supp. 2d 1213, 1232-33 (D. Haw. 2010) (relying on *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1122 (9th Cir. 2009), to find that HRS Ch. 480 claims that sound in fraud must be plead with particularity). As pled, it appears that at least some of Plaintiffs' allegations in support of their Ch. 480 claim sound in fraud given that they assert Defendants' conduct is "immoral, unethical, oppressive, [and] unscrupulous," as well as "likely to mislead consumers acting reasonably under the circumstances." FAC ¶¶ 59-60. Given these assertions, at least part of Plaintiffs' claim must sound in fraud, but the actual allegations as to Defendants' conduct are so vague that the court cannot determine what acts Plaintiffs allege are fraudulent.

---

[4] Defendants also argue that this claim must be dismissed as to BONY and BOA because they cannot be held liable for the acts committed by the originating lender, Countrywide. Plaintiffs assert, however, that the mortgage loan is void pursuant to HRS § 480-12, and a finding that the mortgage loan is void would arguably prevent BONY and/or BOA from enforcing the mortgage loan even if they themselves did not commit any violations of HRS § 480-2. Given that there are other defects in Count III requiring its dismissal, the court need not resolve this issue at this time.

In other words, as a result of not being able to determine the basis of Plaintiffs' claim -- whether based on fraud or some other type of conduct -- the court cannot even begin to assess which aspects of Plaintiffs' claim fails to meet this heightened standard. It ultimately does not matter, however, because none of the allegations asserts "particularized allegations of the circumstances *constituting* fraud" such as the time, place, and nature of the alleged fraud, and how each Defendant participated in the fraud. *See In re GlenFed, Inc. Sec. Litig.,* 42 F.3d at 1547-48. Accordingly, Plaintiffs' allegations appear to sound at least partly in fraud, yet fail to meet Rule 9(b)'s particularity requirement.

The court therefore GRANTS Defendants' Motion to Dismiss Count III with leave to amend. If Plaintiffs choose to amend this claim, Plaintiffs must clearly explain the basis of this claim, and if based on fraud must meet the particularity requirements of Rule 9(b).

**C.     Count IV:  Fraud**

In support of the fraud claim, Count IV alleges:

65.     Defendants BONY, BOA, COUNTRYWIDE and/or DOE Defendants falsely represented the true costs and risks of the described loan and its inappropriateness for SARMIENTO.

66.     Said Defendants falsely represented the amount of SARMIENTO's income and source of income on the loan application it prepared.

10

> 67. Said Defendants falsely represented the nature of the documents SARMIENTO was told to sign in connection with the loan.
>
> 68. Said Defendants made the false representations described herein with knowledge of their falsity.
>
> 69. Said Defendants made false representations in contemplation of SARMIENTO's reliance upon them.
>
> 70. SARMIENTO relied upon those false representations and suffered damage as a result of SARMIENTO's reliance upon them.
>
> 71. Said Defendants acted wantonly or oppressively or with such malice as implies a spirit of mischief or criminal indifference to civil obligations, or its actions constituted willful misconduct or that entire want of care which raises the presumption of a conscious indifference to consequences to SARMIENTO.

FAC ¶¶ 65-71.

These allegations are insufficient to meet Plaintiffs' burden under Rule 8, much less the more rigorous requirements of Rule 9 that apply to these claims. *See* Fed. R. Civ. P. 9(b) (requiring a party to state with particularity the circumstances constituting fraud or mistake). These allegations merely give lip service to the basic elements of a fraud claim, and fail to assert "particularized allegations of the circumstances *constituting* fraud" such as the time, place, and nature of the alleged fraud, and how each Defendant participated in the fraud. *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d at 1547-48. Indeed, the FAC leaves

completely unanswered precisely what actions each Defendant took that can form the basis of a fraud claim. *See also Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) (stating that Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants). Further, the FAC fails to allege grounds for derivative liability against Defendants. *See, e.g.*, *Stoudt v. Alta Fin. Mort.*, 2009 WL 661924, at *2 (E.D. Pa. Mar. 10, 2009) (stating that fraud claims are "inappropriate to assert against an assignee where there are no allegations that the assignee had any contact with the mortgagor or made any representations to the mortgagor and the factual basis for the claims occurred prior to assignment of the mortgage loan").

The court therefore GRANTS Defendants' Motion to Dismiss as to Count IV with leave to amend.

**D.    Civil Conspiracy and Aiding and Abetting (Counts V and VI)**

Count V alleges that all Defendants "entered into an agreement to accomplish an unlawful purpose, or to accomplish some purpose not itself unlawful by lawful means, in connection with the describe loan," and "engaged in overt acts pursuant to and in furtherance of the described agreement, including but not limited to making the false representations set forth" in the claim for fraud. FAC ¶¶ 74-76. Count VI alleges that each Defendant "aided each other" in their

wrongful conduct. *Id.* ¶ 80.

Defendants argue that Counts V and VI must be dismissed because Hawaii does not recognize independent causes of action for "civil conspiracy" or "aiding and abetting." The court agrees -- such theories of potential liability are derivative of other wrongs, *see, e.g.*, *Weinberg v. Mauch*, 78 Haw. 40, 49, 890 P.2d 277, 286 (1995); *Chung v. McCabe Hamilton & Renny Co.*, 109 Haw. 520, 530, 128 P.3d 833, 843 (2006), requiring an actionable underlying claim. But, Plaintiff has failed to state a cognizable claim for violation of HRS Ch. 480 or fraud. Further, given that these counts are premised on alleged fraud, Plaintiff must meet the heightened pleading requirements of Rule 9(b) in alleging a conspiracy. *See Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) ("Rule 9(b) imposes heightened pleading requirements where the object of the conspiracy is fraudulent." (quotations omitted)). Plaintiff has failed to do so.

The court therefore GRANTS Defendants' Motion to Dismiss Counts V and VI of the FAC with leave to amend.

**E.   Count VIII: Improper Restrictions Resulting from Securitization Leaves Note and Mortgage Unenforceable**

While not entirely clear, Count VIII appears to allege that (1) the mortgage is a security agreement and may not be modified by one party without written consent of the other; and (2) BONY unilaterally changed the terms of

Plaintiffs' mortgage when the mortgage was placed under a servicing and pooling agreement, which restricts the ability of parties to change the terms of the mortgage note. FAC ¶¶ 93-97. Because Plaintiffs did not consent to these changes, Count IX asserts that the mortgage and note are unenforceable. *Id.* ¶ 98.

The legal basis of this claim is not clear, and the court has dismissed this same claim raised by Plaintiffs' counsel in another action after Plaintiffs' counsel was unable to provide any legal basis for it. *See Velez v. Bank of N.Y. Mellon*, 2011 WL 572523, at *3 (D. Haw. Feb. 15, 2011). As the court explained in *Velez*, to the extent Plaintiffs are attempting to assert that the parties agreed that the mortgage and/or note would not be securitized and Defendants breached this provision, Plaintiffs have failed to allege even the basic elements of a breach of contract claim, much less factual allegations to support this claim. *See Iqbal*, 129 S.Ct. at 1949 (stating that Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do"). The FAC fails to identify (1) the contract at issue; (2) the parties to the contract; (3) whether Plaintiffs performed under the contract; (4) the particular provision of the contract allegedly violated by Defendants; (5) when and how Defendants allegedly breached the contract; or (6) how Plaintiffs were injured. *See Otani v. State Farm*

*Fire & Cas. Co.*, 927 F. Supp. 1330, 1335 (D. Haw. 1996) ("In breach of contract actions, [ ] the complaint must, at minimum, cite the contractual provision allegedly violated. Generalized allegations of a contractual breach are not sufficient."). Further, given that the mortgage expressly states that the mortgage note "can be sold one or more times without prior notice to Borrower," Defs.' Ex. B at 12 ¶ 20, it does not appear that securitization breached any particular provision of the mortgage.

The court further rejects that securitization in general somehow gives rise to a cause of action -- Plaintiffs point to no law or provision in the mortgage preventing this practice, and otherwise cite to no law supporting that securitization can be the basis of a cause of action. Indeed, other courts have likewise rejected that securitization of a mortgage loan provides the mortgagor a cause of action. *See Joyner v. Bank of Am. Home Loans*, 2010 WL 2953969, at *2 (D. Nev. July 26, 2010) (rejecting breach of contract claim based on securitization of loan); *Haskins v. Moynihan,* 2010 WL 2691562, at *2 (D. Ariz. July 6, 2010) (rejecting claims based on securitization because Plaintiffs could point to no law indicating that securitization of a mortgage is unlawful, and "Plaintiffs fail to set forth facts suggesting that Defendants ever indicated that they would not bundle or sell the note in conjunction with the sale of mortgage-backed securities"); *Lariviere v.*

*Bank of N.Y. as Tr.*, 2010 WL 2399583, at *4 (D. Me. May 7, 2010) ("Many people in this country are dissatisfied and upset by [the securitization] process, but it does not mean that the Larivieres have stated legally cognizable claims against these defendants in their amended complaint."); *Upperman v. Deutsche Bank Nat. Trust Co.*, 2010 WL 1610414, at *3 (E.D. Va. Apr. 16, 2010) (rejecting claims because they are based on an "erroneous legal theory that the securitization of a mortgage loan renders a note and corresponding security interest unenforceable and unsecured"); *Silvas v. GMAC Mortg., LLC*, 2009 WL 4573234, at *5 (D. Ariz. Dec. 1, 2009) (rejecting a claim that a lending institution breached a loan agreement by securitizing and cross-collateralizing a borrower's loan).

The court therefore GRANTS Defendants' Motion to Dismiss as to Count VIII. Because any amendment of this claim would be futile, this dismissal is without leave to amend.

### F. Wrongful Conversion of Note -- Mortgagor Never Consented to Securitization (Count IX)

Count IX asserts that Defendants needed Plaintiffs' consent to securitize the mortgage and that its securitization "is a conversion of the Mortgage rendering it null, void and unenforceable." FAC ¶ 101. The FAC explains that the securitization "divides those who are at a financial risk of loss (the investors or certificate holders) from a default upon the Mortgage from those who control and

have decision-making authority over the Mortgage" such that "the original Note has been altered resulting in a change to the Mortgage" without consent. *Id.* ¶¶ 103-04. As a result, the FAC asserts that the "Mortgage cannot be foreclosed upon as a separate interest in the property to be foreclosed apart from and independent of the Note." *Id.* ¶ 105.

As the court explained in addressing this same claim in *Velez*, 2011 WL 572523, at *4-5, the court struggles to discern the basis of the claim. Despite using the term "conversion," this claim, similar to Count VIII, appears to allege a breach of contract due to Defendants' modification of the mortgage through securitization. As explained above, however, Plaintiffs have failed to assert a breach of contract claim and have otherwise failed to explain how they can assert a viable claim based on the securitization of the mortgage loan. Further, securitization and/or transfer of the mortgage and note does not modify the terms of the agreement -- the mortgage expressly provides that it can be sold without notice, and the transferee simply obtained the same rights that the transferor had under the mortgage. *See* HRS § 490:3-203(b) ("Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument . . . .").

The court therefore GRANTS Defendants' Motion to Dismiss Count

IX. Because any amendment of this claim would be futile, this dismissal is without leave to amend.

**G.     Leave to Amend**

Defendants argue that the court should dismiss the FAC with prejudice because Plaintiffs have made no showing that they can actually amend the FAC to state a cognizable claim. Defendants' point is well-taken -- Plaintiffs failed, for the most part, to substantially address Defendants' arguments or provide any explanation of how they believe they could amend each Count to state a cognizable claim. Given Plaintiffs' counsel's track record, it is entirely possible (if not likely) that Plaintiffs will not be able to file a second amended complaint that states a viable claim. *See, e.g.*, *Velez*, 2011 WL 572523, at *5; *Araki v. Bank of Am.*, 2010 WL 5625970, at *7 (D. Haw. Dec. 14, 2010) (dismissing action with prejudice as to Bank of America because plaintiffs fail to state a cognizable claim despite three attempts). The court, however, cannot predict the future and therefore cannot say with certainty that amendment would be an exercise in futility. This dismissal is therefore with leave to amend as to Counts III-VI.

## V. <u>CONCLUSION</u>

Based on the above, the court GRANTS Defendants' Motion to Dismiss. If they so choose, Plaintiffs may file a second amended complaint

addressing the deficiencies described above for Counts III through VI, by March 31, 2011.  Failure to file a second amended complaint by March 31, 2011 will result in dismissal of this action.

        IT IS SO ORDERED.

        DATED:  Honolulu, Hawaii, March 10, 2011.



    /s/ J. Michael Seabright
    J. Michael Seabright
    United States District Judge

*Sarmiento v. Bank of N.Y. Mellon, et al.*, Civ. No. 10-00349 JMS/BMK, Order Granting Defendants' Motion to Dismiss the First Amended Complaint